IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TYRONE LAMONT MERRILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:12CV351 |
| v. | ) | 1:02CR236-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Tyrone Lamont Merrill, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 or, alternatively, 28 U.S.C. § 1651 [Doc. #53]. Petitioner was indicted on one count of possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) ("Count One") and one count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count Two"). He pled guilty to both counts on October 9, 2002. He was then sentenced by Judgment entered on February 18, 2003, to 98 months of imprisonment and five years of supervised release on Count One[1] and a concurrent 98 months of imprisonment and three years of supervised release on Count Two. Petitioner was subsequently released from prison and began serving his term of supervised release. He was later arrested on a warrant for an alleged violation of the terms of his supervised release. His supervised release was revoked and he was sentenced to 8 months of imprisonment and an additional 52 months of supervised

---

[1] The prison sentence was later reduced to 79 months of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

release as to Count One and a concurrent 8 months of imprisonment and 28 months of supervised release as to Count Two in a Judgment entered on November 20, 2009. Petitioner was again released from prison and placed on supervised release, only to be arrested for further alleged supervised release violations. Prior to the second revocation hearing, he submitted his current Motion.

Petitioner raises a single claim for relief in his Motion, contending that his conviction on Count Two under 18 U.S.C. § 922(g)(1) is invalid in light of the decision of the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because none of his prior state court convictions were punishable by more than one year. The Government filed an initial Response, requesting that the revocation hearing proceed as to Count One, with Petitioner's Simmons argument as to Count Two being held in abeyance. However, the Government subsequently filed a Supplemental Response. In its Supplemental Response, the Government concedes that relief as to Count Two is appropriate under § 2255. The Government specifically concedes that Petitioner's prior state conviction for possession with intent to sell and deliver cocaine, listed as the predicate felony in the indictment in this case, would not support a conviction under § 922(g). In this regard, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for that prior conviction. Based on this determination, the Government notes that Petitioner " has demonstrated a valid claim that the sentence imposed upon him for being a felon in possession of a firearm does not meet the legal standard set forth in United States v. Simmons."

In addition, in the Supplemental Response, the Government has further affirmatively waived any statute of limitations defense that might otherwise apply.[2] The parties thus agree that pursuant to the § 2255 Motion, Petitioner's conviction on Count Two should be vacated,[3] although his conviction on Count One would remain unaffected. In reviewing this matter, the Court notes that the offense listed in the indictment as the predicate conviction in Count Two was a Class H felony, and Petitioner had a prior record level of II. Thus, the maximum sentence Petitioner faced for that offense under North Carolina law, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted, that

---

[2] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[3] Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255, and that the claims raised are cognizable in these proceedings, at least with respect to defendants who were convicted under 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm or ammunition, but who would not have the requisite prior felony conviction in light of Simmons. In taking this position, the Government has agreed that Simmons announced a new substantive rule of criminal law, at least as to those defendants who were convicted under 18 U.S.C. § 922(g)(1) but who would not have a prior felony conviction in light of Simmons. Cf. Teague v. Lane, 489 U.S. 289, 306 (1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review); Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (noting that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes"). This Court notes that the recent decision of the Court of Appeals for the Fourth Circuit in United States v. Powell concluded that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which preceded Simmons, was a procedural rule not retroactively applicable on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). However, in Powell, the Government took the position that the decision in Simmons, unlike Carachuri, "may have announced a new substantive rule of criminal law." Id. Therefore, the Court in Powell did not have before it the issue of whether Simmons was a procedural rule or a substantive rule applicable on collateral review. Thus, it does not appear that the decision in Powell would preclude the position the Government takes here. In the circumstances, this Court will accept the Government's concession and will recommend that relief be allowed based on that concession.

3

his Judgment be vacated as to Count Two, and that Count Two of the Indictment be dismissed pursuant to § 2255.[4] Petitioner's conviction as to Count One, and the term of supervised release imposed as to Count One, would not be affected by this determination. Therefore, the Court recommends that the supervised release revocation hearing proceed based on Defendant's alleged violation of the conditions of supervised release imposed as part of the conviction for Count One.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under § 2255 [Doc. #53] be GRANTED, that the Judgment [Doc. #13] be VACATED as to Count Two, and that Count Two of the Indictment [Doc. #1] be DISMISSED.

IT IS FURTHER RECOMMENDED that the supervised release revocation proceedings in this case proceed based on the alleged violation of supervised release imposed as part of the conviction in Count One, which remains unaffected.

This, the 17th day of December, 2012.

                                        /s/ Joi Elizabeth Peake
                                        United States Magistrate Judge

---

[4] Having reached this determination, the Court need not consider the arguments raised by Petitioner requesting relief in the alternative pursuant to 28 U.S.C. § 1651.